IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 119-022 |
| | * | |
| GEORGE EDWARD POWELL | * | |

**O R D E R**

Defendant George Edward Powell has filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). The Government opposes the motion. Upon due consideration, the Court denies Powell's request for relief.

The compassionate release provision of § 3582(c)(1)(A) provides a narrow path for a district court to grant release to a defendant if it finds that "extraordinary and compelling reasons" warrant such a reduction and that such reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 of the Sentencing Guidelines provides the applicable policy statement, explaining that a sentence reduction may be ordered where a court determines, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), that "extraordinary and compelling reasons" exist and the defendant does not present a danger to the safety of any other person or the community. U.S.S.G. § 1B1.13.

The application note to this policy statement lists three specific examples of extraordinary and compelling reasons to consider reduction of a defendant's sentence under § 3582(c)(1)(A): (1) a medical condition; (2) advanced age; and (3) family circumstances. Id. n.1(A)-(C). A fourth catch-all category provides: "**As determined by the Director of the Bureau of Prisons**, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. n.1(D) (emphasis added).

In this case, the only possible applicable category into which Powell may fall is a qualifying medical condition, particularly since the Director of the BOP has not determined he is eligible for relief. To qualify as extraordinary and compelling, an inmate's medical condition must be "serious and advanced . . . with an end of life trajectory," U.S.S.G. § 1B1.13, app. note 1(a)(i), or must be serious enough that it "substantially diminish[es] the ability of the [inmate] to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover," id., app. note 1(a)(ii). Powell argues that, because of certain health conditions, he is likely to meet the criteria should he contract COVID-19. Specifically, Powell claims to have hypertension and "significant injury to his spinal cord which has him confined to a wheel chair, paraplegia." (Def.'s Mot., Doc. 112, at 4.) He also points out

2

that he had bladder surgery in 2015 and presently suffers from urinary incontinence, edema, and lower back pain. (Id.) The Government submitted Powell's inmate medical records which indicate that he has hypertension and a spinal cord injury. (Gov't Resp. in Opp'n, Doc. 120, Ex. C, at 25, 39, 63-65, 95) The Government further concedes that spinal cord injuries cause immunosuppression. (See Gov't Resp. in Opp'n at 13.) As both hypertension and immunosuppression are listed by the CDC as risk factors that "can make [a person] more likely to get severely ill from COVID-19," see Centers for Disease Control & Prevention, *People with Certain Medical Conditions*, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited on April 13, 2021), Powell's medical condition must be given meaningful consideration in a pandemic world.[1]

Nevertheless, Powell has now been fully vaccinated, which dramatically reduces his risk of exposure to the COVID-19 virus. (See Gov't Resp. in Opp'n, Ex. C at 118.) Moreover, his hypertension appears to be well-controlled. He is being treated with prescription medicines, and his blood pressure is regularly monitored. (See generally id.) On January 28, 2021, Powell

---

[1] Notably, however, urinary incontinence, edema, and lower back pain are not conditions listed by the CDC as significant risk factors.

3

reported "feeling good" but indicated he wanted to be more mobile. (Id. at 37.) On February 3, 2021, Powell had an appointment with physical therapy, which recommended he receive a standard rolling walker and other equipment to assist with his mobility since he is able to stand with support and had used a rolling walker prior to incarceration. (Id. at 25.) Finally, as of April 13, 2021, Powell's place of incarceration, FCI Allenwood Medium, reports only one staff member and no inmates with confirmed active cases of COVID-19; 532 inmates and 49 staff members has recovered from the virus. See https://www.bop.gov/coronavirus/index.jsp (last visited on April 13, 2021). The Court is reminded that the burden rests with Powell to show that his circumstances are so extraordinary and compelling as to set him apart from other inmates and justify his immediate release. Cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (the burden of showing entitlement to compassionate release under § 3582(c) falls upon the movant). Powell has simply not done so on this record.

Moreover, the Court must weigh the sentencing factors of 18 U.S.C. § 3553(a) prior to ordering compassionate release. See 18 U.S.C. § 3582(c)(1)(A). Upon careful consideration thereof, the Court particularly notes that the nature of Powell's offense, the history and characteristics of this Defendant, and the need to protect the public weigh against reducing his sentence to time served. Powell was only recently sentenced in October 2019, at

4

which time the Court departed downward from the sentencing guidelines to impose a 78-month term. Defendant still has nearly three and a half years remaining on his sentence; early release of this Defendant would fail to reflect the seriousness of his offense, promote respect for the law, provide just punishment, and afford adequate deterrence. In short, reducing Powell's sentence at this time would not be consistent with the statutory purposes of sentencing.

Upon the foregoing, Defendant George Edward Powell's motion for compassionate release (doc. 112) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this ___16th___ day of April, 2021.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA